IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CR-18-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANGELO PATTERSON, | ) | |
| | ) | |
| Defendant. | ) | |

On July 6, 2009, pursuant to a plea agreement [D.E. 38], Angelo Patterson ("Patterson") pleaded guilty to distributing 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). See [D.E. 38]. On October 23, 2009, the court held Patterson's sentencing hearing. See Sentencing Tr. [D.E. 51]. At the hearing, the court adopted the facts in the Presentence Investigation Report ("PSR") and ruled on Patterson's objections. See id. 4–68; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Patterson's total offense level to be 31, his criminal history category to be I, and his advisory guideline range to be 108–135 months. See Sentencing Tr. 67–68. The statutory minimum was 120 months' imprisonment. See PSR ¶ 52. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Patterson to 132 months' imprisonment. See Sentencing Tr. 75–80; [D.E. 43]. Patterson did not appeal.

On February 24, 2014, Patterson filed a pro se motion for a sentence reduction. See [D.E. 60]. On February 4, 2015, Patterson, through counsel, filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 62]. Patterson's new advisory guideline range is 120 months' imprisonment based on a total offense level of 29 and a criminal history category of I. See [D.E. 63] 1–3, 8. Patterson seeks a 120-

month sentence. See id. On August 20, 2015, the government responded to Patterson's motion. See [D.E. 66].

The court has discretion to reduce Patterson's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Patterson's sentence, the court finds that Patterson engaged in serious criminal conduct. See PSR ¶¶ 9–15. Moreover, Patterson's conduct included possessing a firearm in connection with his drug dealing. See id. ¶¶ 10–11, 43. Furthermore, while incarcerated, Patterson has been sanctioned for being in an unauthorized area. See Resentencing Report 1. Nonetheless, while incarcerated, Patterson has engaged in some positive behavior. See [D.E. 63] 5–8; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).

Having reviewed the entire record and all relevant policy statements, the court finds that Patterson received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Patterson's sentence would threaten public safety in light of his serious criminal conduct. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Patterson's serious criminal conduct does not support reducing Patterson's sentence. Thus, the court denies Patterson's motions for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Patterson's motions for reduction of sentence [D.E. 60, 62] are DENIED.

2

SO ORDERED. This 23 day of June 2016.

                                                        JAMES C. DEVER III
                                                        Chief United States District Judge